

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br><br>v.<br><br>Darden Restaurants, Inc. and GMRI Inc., Florida Corporations, d/b/a Red Lobster Restaurants,<br><br>    Defendants. | Case No. CIV'02-1209 PHX SMM<br><br>**CONSENT DECREE** |

    The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Darden Restaurants, Inc. and GMRI, Inc., Florida Corporations, d/b/a Red Lobster Restaurant ("Red Lobster" or "Defendants") to enforce the Age Discrimination in Employment Act of 1967. In the Complaint, the EEOC alleged that Red Lobster demoted Jacqueline Stern ("Stern") from her food server position because of her age and also alleged that because Ms. Stern filed a Charge of Discrimination, a right protected by the ADEA, Red Lobster retaliated against Stern by failing to return her to the food server position. In response to the Complaint filed by the EEOC, Red Lobster filed an Answer to the Complaint, in which it categorically denied each and every claim alleged by the EEOC.

In the interest of resolving this matter, and as a result of having engaged in comprehensive negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree. This Decree and compliance with this Decree shall not be construed as an admission by Red Lobster of any liability whatsoever, or as an admission by Red Lobster of any violation of the rights of Stern or of any other person, violation of any order and/or law regarding Stern or any person, or violation of any order, law, statute, duty, or breach of any contract or any act of discrimination whatsoever against Stern or any other person.

The parties do not object to the Court's jurisdiction over this action, and waive their right to a jury trial and the entry of findings of fact and conclusions of law.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all remaining claims of the EEOC against Red Lobster including back pay, front pay, liquidated damages, pre-judgment and post-judgment interest, injunctive relief, attorney's fees and costs arising out claims made by the EEOC in this lawsuit.

### INJUNCTION

2. Red Lobster and its officers, agents, employees, successors, assigns and all persons in active concert or participation with it, are enjoined for the duration of this Decree from (a) unlawfully discriminating against any employee due to his or her age; (b) retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by the ADEA; (ii) files or filed a Charge of Discrimination, assists or assisted, or participates or participated in the filing of a Charge of Discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding involving claims brought under the ADEA.

### MONETARY RELIEF

3. Without admitting liability, Red Lobster shall pay the sum of $11,500.00 to Stern. Red Lobster does not condition the payment of money on an agreement by Stern to

refrain from filing a Charge of Discrimination against Red Lobster for conduct which occurs after the date that the Decree is filed by the Court.

4.  Red Lobster shall pay the settlement amount to Stern no later than 10 days from the date the Decree is filed by the Court. The check shall be made payable to Stern and mailed to the address provided by the EEOC. Within three days of the issuance of the check to Stern, Red Lobster shall submit a copy of the check and all related correspondence to:

> Mary Jo O'Neill
> Regional Attorney
> Equal Employment Opportunity Commission
> 3300 North Central Avenue; Suite 690
> Phoenix, Arizona 85012

5.  As required by law, Red Lobster shall deduct Stern's share of the FICA, federal and state taxes from the amount set forth in paragraph 3 of the Decree. Also required by law and consistent with Red Lobster's standard practice, Red Lobster shall pay the employer's share of FUTA, FICA, state and federal taxes and shall not deduct it from the amount set forth in Paragraph 3.

## OTHER RELIEF

6.  Red Lobster shall expunge from the personnel file of Stern: (a) all references to the Charge of Discrimination filed by Stern against Red Lobster; (b) all references to Red Lobster's discipline of Stern, resulting in her transfer to the kitchen; and (c) all references to Stern's participation in this action.

7.  Red Lobster shall carry out policies and practices that help ensure a work environment free from unlawful age discrimination and retaliation under the ADEA. To assist Red Lobster in its efforts to ensure such a work environment, Red Lobster shall take the actions provided in Paragraphs 8 through 13 of this Decree.

## NOTICE

8.  At the time that this Decree becomes effective and for its duration, Red Lobster shall post in a prominent place frequented by its employees at 1403 South Alma School Road, Mesa, Arizona (the "Restaurant"), the facility which employed Stern and the supervisor accused of violating the ADEA, the notice attached as **Exhibit A,** in English and

Spanish. The notice shall be the same type, style and size as set forth in **Exhibit A** to this Decree, and the notice shall be posted so that both pages are visible, side-by-side.

### TRAINING

9. For the duration of this Decree, Red Lobster shall provide training regarding the prevention and prohibition of age discrimination to the employees, supervisors and managers of the Restaurant. In addition, Red Lobster shall provide training regarding the prevention and prohibition of age discrimination to the managers of the division in which the Restaurant is located according to the following terms:

   A. Red Lobster shall provide consultation and training to the Red Lobster employees, supervisors and managers covered by the scope of Paragraph 9, by conducting one live seminar training session each year. During each such training seminar, Red Lobster shall ensure that the Restaurant's General Manager and/or the Regional Director for the division in which the Restaurant is located will make either a live or a videotaped statement regarding the severe consequences of unlawful age discrimination and retaliation, including the fact that managers and supervisors are evaluated, in part, on their enforcement of Red Lobster's anti-discrimination policies and handling of discrimination complaints, and that such individuals may be subjected to discipline, up to and including termination, for violation of Red Lobster's anti-discrimination and retaliation policies;

   B. The first training session at the Restaurant shall be conducted within six months from the date that the Court files this Decree. The first training session for the managers of the division in which the Restaurant is located shall be conducted within 12 months from the date that the Court files this Decree. A second session for both venues shall be conducted within 10 to 12 months from the first session;

   C. Red Lobster shall notify the EEOC in writing at least 45 days in advance of any training sessions scheduled pursuant to Paragraph 9, and supply a copy of the materials used for said training session. Should the EEOC elect to send a representative, the EEOC shall designate a representative to attend the training seminar and notify Red Lobster of this election in writing no less than 10 business days before the date of said training.

D. The training shall include at a minimum: (1) the subject of what constitutes age discrimination and retaliation in the workplace, including examples thereof; (2) to whom and by what means employees may complain if they believe they have been discriminated against because of their age; (3) a description of unlawful age retaliation; and (4) a review and explanation of Red Lobster's polices regarding unlawful age discrimination and retaliation. In addition, the training provided to managers of the division in which the Restaurant is located shall be no less than two hours in length, of which at least 90 minutes must be devoted to age discrimination and retaliation, and counsel presenting said seminar training shall afford attendees the opportunity to ask questions regarding the training materials for at least 15 minutes after the conclusion of said seminar training.

E. Red Lobster intends to use counsel from the law firm of Littler Mendelson, P.C. as their consultant/lecturer for purposes of all training session scheduled pursuant to Paragraph 9. The Commission does not oppose this selection. Should Red Lobster elect to use any other consultant/lecturer, Red Lobster shall notify the EEOC in writing at least 60 days prior to each proposed training seminar, and submit the name(s), address(es), telephone number(s) and résumé(s) of the proposed consultant(s)/lecturer(s), together with a copy of any materials to be used or distributed during said training session at the address provided in Paragraph 4. The EEOC shall have 30 days from the date of receipt of the information described above to accept or reject the proposed consultant(s)/lecturer(s). In the event the EEOC does not approve the designated consultant(s)/lecturer(s) and/or the contents of the training session, the EEOC shall designate the consultant/lecturer at a cost not to exceed $2,000.00 per seminar, which Red Lobster shall pay; and

F. Red Lobster shall make attendance at training sessions held pursuant to Paragraph 9 mandatory for all individuals employed by the Restaurant and for all managers employed in the division within which the Restaurant is located at the time of the applicable training sessions, provided, however, that employees who are unable to attend any such session may be allowed to review an audio-video recording of the missed session within 30 days of said session. Red Lobster shall retain a list of attendees to all training sessions

throughout the duration of this Decree. Within 45 days after each training session held pursuant to Paragraph 9, Red Lobster shall provide an affidavit to the EEOC from a duly authorized representative attesting to the number of employees employed by the Restaurant or as managers within its division, the number of employees who attended the training session in person, the number of employees who reviewed a recording of the training session and an explanation as to why any employee was not able to participate in or review said training session. The affidavit discussed herein shall not include the names of the individual attendees.

## POLICIES AND PROCEDURES

10. Red Lobster represents that it maintains and will continue to maintain written policies concerning age discrimination and retaliation that conform with applicable law. Red Lobster represents that its written policies substantially conform with A-G below:

A. A strong and clear commitment to a workplace free of age discrimination and retaliation;

B. A statement that a failure to follow Red Lobster's policy against unlawful age discrimination and retaliation will not be tolerated;

C. The identification of a specific individual(s) and telephone number(s) to whom employees may report complaints about unlawful age discrimination or retaliation;

D. An assurance that Red Lobster will investigate allegations of unlawful age discrimination and retaliation promptly, fairly, reasonably and effectively, using appropriate investigators and that appropriate corrective action will be taken by Red Lobster to make victims whole and to eradicate the unlawful conduct;

E. A description of the consequences, up to and including termination, that may be imposed upon violators of the policy;

F. A commitment to maintain confidentiality to the extent possible, under the circumstances, for persons who report perceived age discrimination or retaliation; and

G. An assurance of non-retaliation for persons who report their belief that they have been subjected to unlawful age discrimination or retaliation and for witnesses.

The policies shall be distributed to all employees, supervisors and managers of its Mesa facility which employed Stern and the supervisor accused of violating the ADEA.

### REPORTING BY DEFENDANT AND ACCESS BY EEOC

11. Red Lobster shall forward to the EEOC, at the address provided in Paragraph 4, beginning six months from the date of the entry of this Decree, and thereafter every six months for the duration of the Decree, the following information:

    A. A copy of the policies referenced in Paragraph 10;

    B. A copy of any changes, modifications, revocations, or revisions to its policies which concern or affect the subjects of unlawful age discrimination and retaliation; and

    C. Confirmation that: (i) the notice required in Paragraph 8 of this Decree was posted and the location where it was posted; and (ii) the policies required in Paragraph 11 (A) – (G) of this Decree were distributed to each current and new employee of the subject facility.

12. Upon (10) days prior written notice to Red Lobster's counsel, Mark Ogden of Littler Mendelson in Phoenix, the EEOC shall have the right to enter and inspect the Restaurant to ensure compliance with this Decree.

### COSTS, DURATION AND PENALTIES FOR NON-COMPLIANCE

13. Each party shall bear its own costs and attorneys' fees incurred as a result of this action through the filing of this Decree.

14. The duration of this Decree shall be 24 months from the date the Decree is filed by the Court. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the EEOC may petition this Court for compliance with this Decree.

15. In the event that the EEOC believes that Red Lobster or the Restaurant has failed to comply with any provision(s) of the Decree, and at least 20 calendar days before contacting the Court, the EEOC shall notify Red Lobster in writing of the alleged non-compliance, and it shall be sent by fax <u>and</u> by first-class mail to Mark Ogden, counsel to Red Lobster, using the fax number and address shown in connection with his signature below.

16. Should the Court determine that Red Lobster or the Restaurant has not complied with this Decree, the Court may order appropriate relief, including an award of attorney's fees and costs incurred in seeking compliance with any provision of this Decree or extension of this Decree for such period as may be deemed necessary to remedy any non-compliance.

17. This Decree shall expire by its own terms at the end of 24 months from the date of entry, without further action by the parties.

18. The Parties agree to entry of this Decree and judgment subject to final approval by this Court.

DATED this ___ day of January, 2004.

_____
Stephen M. McNamee
United States District Judge

APPROVED AND CONSENTED TO:

_____
CHRIS PLUNKETT
Senior V.P., Paradise Division
Darden Restaurants, Inc.

_____
MARK OGDEN
LAURENT BADOUX
Littler Mendelson, PC
2425 E. Camelback Rd.
Suite 900
Phoenix, AZ 85016
Tel.:  602.474.3600
Fax:  602.957.1801

Attorneys for Defendant

_____
MARY JO O'NEILL
Regional Attorney
C. EMANUEL SMITH
Supervisory Trial Attorney

_____
SANDRA PADEGIMAS
Trial Attorney
Equal Employment Opportunity Commission
3300 N. Central Ave.; Ste. 690
Phoenix, AZ 85012
Tel.:  602.640.5061
Fax:  602.640.5009

Attorneys for Plaintiff

Phoenix:53934.4 023359.1012

# EXHIBIT A

# NOTICE TO RED LOBSTER EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered into between Darden Restaurants, Inc., and GMRI, Inc., Florida corporations, d/b/a Red Lobster Restaurant and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law, the Age Discrimination in Employment Act (ADEA) and state law to discriminate against an employee on the basis of age. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

Red Lobster will not discriminate against any employee on the basis of age and will not retaliate against any employee.

If you believe you are or have been the victim of discrimination or retaliation in the course of your employment, you have the right to seek assistance from, or file a charge with:

(1) EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

(2) Arizona Civil Rights Division (ACRD) of the Attorney General's Office, 1275 W. Washington, Phoenix, Arizona, 85007, (602) 255-5263.

The term "retaliation" includes any action which may be taken against you by any company supervisor or management official for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under the ADEA.

TO REMAIN POSTED UNTIL _____.


Dated:_____     _____
                                                        General Manager

Phoenix 59207 4 023359 1012